UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Case No. 2:20-cv-00716<br>)<br>)<br>)<br>)   ELECTRONICALLY FILED<br>)<br>)<br>) |
| ANOKHY DESAI, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CARNEGIE MELLON UNIVERSITY'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Defendant Carnegie Mellon University (the "University"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). The grounds for this Motion are summarized below and set forth in greater detail in the University's contemporaneously filed Brief and in the attached Exhibits setting forth provisions of the alleged contract that are not set forth in the Amended Complaint and on which this Motion relies.

1. Plaintiffs Abigale Pfingsten and Anokhy Desai – on behalf of themselves and a putative class of all students – sued the University alleging that it breached its contractual obligations to students when it shifted to remote instruction for the latter part of the Spring 2020 Semester in response to the COVID-19 pandemic.

2. Although, as Plaintiffs acknowledge, the University had little choice but to switch to remote instruction, Plaintiffs claim that they are entitled to a refund of their tuition and certain fees, in an amount to be determined by a jury, reflecting the "subpar" nature of the student experience in Spring 2020 following the outbreak of the pandemic.

3. On this basis, Plaintiffs advance four counts:

| COUNT | CAUSE OF ACTION |
|---|---|
| Count I | Breach of Contract |
| Count II | Unjust Enrichment |
| Count III | Conversion |
| Count IV | Money Had and Received |

4. The breach of contract claim in Count I is the keystone of this case. Yet, the express terms of the alleged agreement provide for identical tuition for in-person and online courses, allow the University to suspend normal operations for health reasons, specify the specific circumstances (none of which are alleged here) where tuition may be refunded, and are otherwise plainly contrary to any breach of a promise by the University.

5. For the following reasons, each Count should be dismissed as a matter of law.

## COUNT I:
## BREACH OF CONTRACT

6. In support of their breach of contract allegations, Plaintiffs point to the University's Course Catalog.

7. The Course Catalog makes clear, however, that the University had the unquestionable authority to switch to remote instruction and to charge full tuition for the credit Plaintiffs received toward their degrees.

8. Under Pennsylvania law, where a breach of contract claim is at odds with the written terms of an agreement, the agreement governs. *ALA, Inc. v. CCAir, Inc.,* 29 F.3d 855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument…and an allegation in the pleading based thereon, the written instrument will control."); *Slavko Props., Inc. v. T.D. Bank, N.A.*, No. 14-cv-05045, 2015 WL 1874233, at *12 (E.D. Pa. Apr. 24, 2015) ("The language of the written agreement, not Plaintiffs' mischaracterization, controls.").

9. As such, Plaintiffs' breach of contract claim should be dismissed because it is not supported by the express terms of the Course Catalog, including provisions dealing with the Cost of Attendance, Student Financial Obligation Terms, Tuition Adjustment Policy, and the Policy on Temporary Emergency Closure of the University.

## COUNTS II-IV:
## UNJUST ENRICHMENT, CONVERSION, AND MONEY HAD AND RECEIVED

10. Plaintiffs also assert claims for unjust enrichment (Count II), conversion (Count III), and money had and received (Count IV).

11. These claims must all be dismissed because where there is an applicable express contract, as is the case here, separate unjust enrichment and other quasi-contract or tort claims premised upon the same facts are barred. *Wilson v. Parker*, 2020 Pa. Super. 13 (Jan. 24, 2020) ("[T]he doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract"); *McKesson Corp. v. Campbell*, No. 2579 EDA 2014, 2015 WL 7571502, at *9 (Pa. Super. Ct. Nov. 24, 2015) ("Claims for conversion have been consistently disallowed where such claims are based on the same facts as the contract claim."); *Payne v. Wells Fargo Bank, N.A.*, 637 Fed. App'x 833 (5th Cir. 2016) (precluding money had and received claim where a contract existed between the parties); *Patel v. Patel*, Civil Action No. 18-1841, 2018 WL 3642417, at *5-6 (E.D. Pa. Aug. 1, 2018) (same).

12. As a result, Counts II, III, and IV should all be dismissed as a matter of law.

## ALL COUNTS

13. Finally, all Plaintiffs' claims further are grounded on a factual contention, taken as true solely for purposes of this motion, that Plaintiffs received a "subpar" education in the last six weeks of one semester. All the claims, therefore, are barred by: a) Pennsylvania law denying claims for educational malpractice; b) Plaintiffs' own choices to proceed with their Spring 2020 courses and accept the credit toward a highly valuable CMU degree – despite having the option to withdraw and receive a partial refund; and c) the unavoidable need for a jury to speculate in determining how far below par the credits Plaintiffs accepted were when assessing the amount of tuition to be refunded.

Based on these facts and the legal authorities, as more fully set forth in the University's Brief in Support of its Motion to Dismiss Plaintiffs' Consolidated Amended Complaint, which is

incorporated herein by reference as if set forth in full, the Amended Complaint should be dismissed in its entirety.

## EXHIBITS

| DOCUMENT | EXHIBIT |
|---|---|
| Carnegie Mellon University's 2019-2020 Course Catalog | Exhibit A |
| Student Financial Obligation Terms | Exhibit B |
| Carnegie Mellon University Heinz College Student Handbook 2019-2020 | Exhibit C |
| CMU Transition to Remote Instruction and New Guidelines, Mar. 11, 2020, https://www.cmu.edu/leadership/president/campus-comms/2020/2020-03-11.html (last accessed Nov. 2, 2020) | Exhibit D |
| Important Guidance for Students to Help Inform Decision-making, Mar. 12, 2020, https://www.cmu.edu/leadership/the-provost/campus-comms/2020/2020-03-12.html (last accessed Nov. 2, 2020) | Exhibit E |
| Declaration of Brian Hill, attaching electronic signature confirmations for Plaintiffs Pfingsten and Desai | Exhibit F |
| Unreported Cases | Exhibit G |

    */s/ Jeffrey M. Weimer*
    Daniel I. Booker
    PA I.D. No. 10319
    Catherine S. Ryan
    PA I.D. No. 78603
    Jeffrey M. Weimer
    PA I.D. No. 208409

    REED SMITH LLP
    225 Fifth Avenue, Suite 1200
    Pittsburgh, Pennsylvania 15222

    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2020 the foregoing *Carnegie Mellon University's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint* was filed electronically with the Court. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

*/s/ Jeffrey M. Weimer*
*Attorney for Defendant*