## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABIGALE PFINGSTEN, ANOKHY DESAI,
*on behalf of themselves and all others*
*similarly situated*,

                  Plaintiffs,

v.

CARNEGIE MELLON UNIVERSITY,

                  Defendant.

Civil Action No. 2:20-CV-00716

**JURY TRIAL DEMANDED**

### ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Carnegie Mellon University ("CMU"), by and through its undersigned counsel, files this Answer to Plaintiffs' Consolidated Class Action Complaint ("Consolidated Complaint").

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS[1]

1.      CMU admits the allegations in Paragraph 1 of the Consolidated Complaint that it is one of the country's most preeminent universities.  CMU denies as stated the approximation of CMU's student enrollment and major fields of study for undergraduate and graduate programs.  By way of further response, the remaining allegations in Paragraph 1 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 1 of the Consolidated Complaint.

2.      CMU admits the allegations in Paragraph 2 of the Consolidated Complaint only to the extent that CMU and Plaintiffs entered into a contractual agreement that included certain terms contained within CMU's Spring Semester 2020 Course Catalog ("Course Catalog").  The parties'

---

[1]    The headers and responses contained in this Answer are stated and/or numbered to correspond to each of the headers of the Consolidated Complaint and are not a concession to any allegations in the headers or following paragraphs.

contractual terms are a portion of a larger written document (the Course Catalog and writings it references) which speaks for itself. Further, the website link appearing in Footnote 1 of Paragraph 2 of the Consolidated Complaint leads to a written document, the contents of which speak for itself. By way of further response, CMU denies the remaining allegations in Paragraph 2 of the Consolidated Complaint.

3.      CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 3 of the Consolidated Complaint and, therefore, denies those allegations.

4.      CMU admits that the Course Catalog provided extensive information. The website screenshot appearing in Paragraph 4 of the Consolidated Complaint is part of a written document, the contents of which speak for itself. The parties' contractual terms are a portion of a larger written document (the Course Catalog and writings it references) which speaks for itself. Further, the website link appearing in Footnote 2 of Paragraph 4 of the Consolidated Complaint leads to a written document, the contents of which speaks for itself. By way of further response, CMU denies any remaining allegations in Paragraph 4 of the Consolidated Complaint.

5.      The Course Catalog excerpt appearing in Paragraph 5 of the Consolidated Complaint is a written document, which speaks for itself. The parties' contractual terms are a portion of a larger written document (the Course Catalog and writings it references) which speaks for itself.

6.      CMU denies as stated the allegations in Paragraph 6 of the Consolidated Complaint. By way of further response, the website link appearing in Footnote 3 of Paragraph 6 of the Consolidated Complaint leads to a written document, the contents of which speak for itself. The parties' contractual terms are a portion of a larger written document (the Course Catalog and materials it references) which speaks for itself.

7.     CMU admits that the Spring 2020 semester began on January 13, 2020 and concluded on May 12, 2020.  CMU denies the remaining allegations in Paragraph 7 of the Consolidated Complaint.

8.     CMU denies as stated the allegations in Paragraph 8 of the Consolidated Complaint. By way of further response, on March 11, 2020, CMU, via letter from University President Farnam Jahanian, announced that CMU was cancelling classes on Monday and Tuesday, March 16 and 17, to "allow faculty, staff and TAs time to finalize their preparations" and that alternative teaching methods would "begin on Wednesday, March 18."  By way of further response, the March 11, 2020 letter speaks for itself.

9.     CMU denies as stated the allegations in Paragraph 9 of the Consolidated Complaint. By way of further response, CMU admits that classes were taught remotely for the remainder of Spring 2020 semester beginning March 18, 2020.

10.    CMU denies the allegations in Paragraph 10 of the Consolidated Complaint that CMU did not deliver the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  By way of further response, the remaining allegations in Paragraph 10 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 10 of the Consolidated Complaint.

11.    CMU denies the allegations in Paragraph 11 of the Consolidated Complaint.

12.    CMU admits the allegations in Paragraph 12 of the Consolidated Complaint.

13.    CMU lacks sufficient knowledge and information to form a conclusion as to the reason that Plaintiffs entered into an agreement with CMU and, therefore, denies those allegations. By way of further response, the remaining allegations in Paragraph 13 of the Consolidated

Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 13 of the Consolidated Complaint.

14.     The allegations in Paragraph 14 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 14 of the Consolidated Complaint.

## **PARTIES**

15.     CMU admits only that Plaintiff Abigale Pfingsten, at the time of filing the original Complaint, was an undergraduate student at CMU pursuing a Bachelor's Degree in Statistics, and a Bachelor's Degree in International Relations.  CMU admits that Ms. Pfingsten was enrolled in an acting class, but denies that Ms. Pfingsten paid any tuition or fees for Spring 2020 semester.  CMU admits that it has not refunded any Spring 2020 tuition or all fees to Ms. Pfingsten.  CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 15 of the Consolidated Complaint stating that Ms. Pfingsten is a citizen of Pennsylvania who resides in Pittsburgh, Pennsylvania.   CMU denies the remaining allegations in Paragraph 15 of the Consolidated Complaint.

16.     CMU admits only that Plaintiff Anokhy Desai, at the time of filing the original Complaint, was a graduate student at CMU pursuing a Master of Science in Information Security Policy.  By way of further response, CMU admits that Ms. Desai personally paid approximately $12,800 in tuition and fees during Spring Semester 2020.  CMU admits that it has not refunded any Spring 2020 tuition or the entirety of fees paid by Ms. Desai.  CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 16 of the Consolidated Complaint that Ms. Desai is a citizen of Pennsylvania who resides in Allegheny County,

Pennsylvania. CMU denies the remaining allegations in Paragraph 16 of the Consolidated Complaint.

17.     CMU admits that CMU's fees include a Student Activities Fee, Technology Fee, Media Fee, and Transportation Fee, and that Plaintiff Desai paid a Student Activities Fee, Technology Fee, and Transportation Fee. CMU denies that Plaintiff Desai paid any Media Fees and denies that Plaintiff Pfingsten paid any fees for Spring 2020 semester. CMU lacks sufficient knowledge and information to form a conclusion as to the remaining allegations in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18.     The website link appearing in Footnote 4 of Paragraph 18 of the Consolidated Complaint leads to a written document, which speaks for itself.

19.     The website link appearing in Footnote 5 of Paragraph 19 of the Consolidated Complaint leads to a written document, which speaks for itself.

20.     The website link appearing in Footnote 6 of Paragraph 20 of the Consolidated Complaint leads to a written document, which speaks for itself.

21.     The website link appearing in Footnote 7 of Paragraph 21 of the Consolidated Complaint leads to a written document, which speaks for itself.

22.     CMU denies the allegation in Paragraph 22 of the Consolidated Complaint that "the in-person nature of the courses was part of the benefit of the bargain." By way of further response, the website link appearing in Footnote 8 of Paragraph 22 of the Consolidated Complaint leads to a written document, which speaks for itself. CMU lacks sufficient knowledge and information to form a conclusion as to the remaining allegations in Paragraph 22 of the Consolidated Complaint and, therefore, denies those allegations.

23.     The website screenshot appearing in Paragraph 23 of the Consolidated Complaint is a written document, which speaks for itself.  CMU denies any remaining allegations in Paragraph 23 of the Consolidated Complaint.

24.     The website screenshots appearing in Paragraph 24 of the Consolidated Complaint are written documents, the contents of which speak for themselves.  CMU denies any remaining allegations in Paragraph 24 of the Consolidated Complaint.

25.     The website screenshots appearing in Paragraph 25 of the Consolidated Complaint are written documents, the contents of which speak for themselves.  CMU denies any remaining allegations in Paragraph 25 of the Consolidated Complaint.

26.     CMU admits the allegations of Paragraph 26 of the Consolidated Complaint.

## JURISDICTION AND VENUE

27.     The allegations in Paragraph 27 of the Consolidated Complaint are conclusions of law to which no response is required.

28.     The allegations in Paragraph 28 of the Consolidated Complaint are conclusions of law to which no response is required.

29.     The allegations in Paragraph 29 of the Consolidated Complaint are conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

### *Plaintiffs and Class Members Paid Tuition and Fees for Spring Semester 2020*

30.     CMU denies as stated the allegations of Paragraph 30.  CMU admits only that Plaintiff Desai and certain Class members paid certain tuition and fees for Spring 2020 semester. By way of further response, CMU lacks sufficient knowledge and information to form a conclusion as to the remaining allegations in Paragraph 30 of the Consolidated Complaint and, therefore, denies those allegations.

6

31.     CMU admits the allegations of Paragraph 31 of the Consolidated Complaint.

32.     CMU denies as stated the allegations of Paragraph 32.   CMU admits only that Plaintiff Desai and certain Class members paid certain tuition and fees for Spring 2020 semester. By way of further response, CMU lacks sufficient knowledge and information to form a conclusion as to the remaining allegations in Paragraph 32 of the Consolidated Complaint and, therefore, denies those allegations.

33.     CMU denies as stated the allegations in Paragraph 33 of the Consolidated Complaint that contain any approximation of CMU's tuition costs, which may vary by student and program.

34.     CMU admits only that "[f]ees paid by CMU students vary based on program of study and whether undergraduate or graduate."  CMU denies the remaining allegations in Paragraph 34 of the Consolidated Complaint any approximation of CMU's fees, which may vary by student.

35.     The allegations in Paragraph 35 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 35 of the Consolidated Complaint on that basis.

### *In Response to COVID-19, CMU Closed Campuses and Cancelled All In-Person Classes*

36.     CMU denies as stated the allegations in Paragraph 36 of the Consolidated Complaint.  By way of further response, on March 11, 2020, CMU, via letter from University President Farnam Jahanian, announced that CMU was cancelling classes on Monday and Tuesday, March 16 and 17, to "allow faculty, staff and TAs time to finalize their preparations" and informed that alternative teaching methods would "begin on Wednesday, March 18."

37.     CMU denies as stated the allegations in Paragraph 37 of the Consolidated Complaint.  By way of further response, CMU admits that classes were taught remotely for the remainder of Spring 2020 semester beginning March 18, 2020.

38.     CMU denies as stated the allegations in Paragraph 38 of the Consolidated Complaint that CMU did not deliver the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  By way of further response, the remaining allegations in Paragraph 38 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 38 of the Consolidated Complaint.

39.     CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 39 of the Consolidated Complaint and, therefore, denies those allegations.

40.     The website screenshot appearing in Paragraph 40 of the Consolidated Complaint is a written document, which speaks for itself.  CMU denies any remaining allegations in Paragraph 40 of the Consolidated Complaint.

41.     CMU denies as stated the allegations in Paragraph 41 of the Consolidated Complaint.  CMU admits only that CMU includes the CMU campus and facilities in certain publications.  CMU denies that inclusion of the CMU campus and facilities in certain publications constitutes a promise of in-person education.  By way of further response, Plaintiffs' reference to "websites, promotional materials, circulars, admission papers, and publications" is vague, broad and ambiguous and, therefore, CMU denies those allegations.

42.     CMU denies as stated the allegations in Paragraph 42 of the Consolidated Complaint.  By way of further response, CMU denies that its online learning opportunities offered during Spring 2020 semester were subpar and further denies that students were deprived of the opportunity for collaborative learning, feedback and critique.

43.     CMU denies the allegations in Paragraph 43 of the Consolidated Complaint.  CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in

Paragraph 43 of the Consolidated Complaint concerning costs at "other online institutions" and, therefore, denies those allegations.  CMU also denies that the experiences listed in Paragraph 43 of the Consolidated Complaint are unavailable via remote modality.  By way of further response, even prior to Spring 2020 semester, CMU has not charged different tuition for its fully online courses and programs.

44.     CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 44 of the Consolidated Complaint and, therefore, denies those allegations.  By way of further response, the website link appearing in Footnote 11 of Paragraph 44 of the Consolidated Complaint leads to a written document, which speaks for itself.

45.     The allegations in Paragraph 45 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 45 of the Consolidated Complaint.

## CLASS ALLEGATIONS

46.     The allegations in Paragraph 46 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations of Paragraph 46.

47.     The allegations in Paragraph 47 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations of Paragraph 47.

48.     The allegations in Paragraph 48 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations of Paragraph 48 on that basis.

49.     The allegations in Paragraph 49 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 49.

50.     The allegations in Paragraph 50 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 50.

51.     The allegations in Paragraph 51 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 51.

52.     The allegations in Paragraph 52 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 52.

53.     The allegations in Paragraph 53 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 53.

54.     The allegations in Paragraph 54 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations of Paragraph 54.

## COUNT I
### Breach of Contract
### (On Behalf of the Class and Subclass)

55.     CMU hereby incorporates its answers to Paragraphs 1 to 54 as if fully set forth herein.

56.     The allegations in Paragraph 56 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 56 of the Complaint.

57.     CMU admits only that CMU and the named Plaintiffs entered into a contractual agreement that included certain provisions of CMU's Spring Semester 2020 Course Catalog and that Plaintiffs were to provide payment in the form of tuition and fees.  CMU denies the remaining allegations in Paragraph 57 of the Consolidated Complaint.  By way of further response, the website link appearing in Footnote 12 and referenced as the Course Catalog in Paragraph 57 of the Consolidated Complaint is a written document, the contents of which speak for themselves.

58.     CMU lacks sufficient knowledge and information to form a conclusion as to the allegations in Paragraph 58 of the Consolidated Complaint and, therefore, denies those allegations.  By way of further response, CMU admits only that CMU and the named Plaintiffs entered into a contractual agreement that included, *inter alia*, certain provisions of CMU's Spring Semester 2020 Course Catalog.

59.     The Course Catalog referenced in Paragraph 59 of the Consolidated Complaint is a written document, the contents of which speak for themselves.  CMU denies as stated any remaining allegations in Paragraph 59 of the Consolidated Complaint.  By way of further response, CMU admits that its Course Catalog contains the information stated in Paragraph 59 but denies that such information constitutes a contractual promise by CMU.

60.     The allegations in Paragraph 60 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 60 of the Consolidated Complaint.

61.     CMU denies the allegations in Paragraph 61 of the Consolidated Complaint.

62.     CMU denies the allegations in Paragraph 62 of the Consolidated Complaint.

63.     CMU denies the allegations in Paragraph 63 of the Consolidated Complaint.

64.     CMU denies the allegations in Paragraph 64 of the Consolidated Complaint.

65.     The allegations in Paragraph 65 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 65 of the Consolidated Complaint.

66.     The allegations in Paragraph 66 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 66 of the Consolidated Complaint.

67.     The allegations in Paragraph 67 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 67 of the Consolidated Complaint.

68.     The allegations in Paragraph 68 of the Consolidated Complaint are conclusions of law to which no response is required.   To the extent a response is required, CMU denies the allegations in Paragraph 68 of the Consolidated Complaint.

## COUNT II
### Unjust Enrichment
### (On Behalf of the Class and Subclass in the Alternative)

69.　　CMU hereby incorporates its answers to Paragraphs 1 to 68 as if fully set forth herein.

70.　　The allegations in Paragraph 70 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 70 of the Consolidated Complaint.

71.　　CMU denies the allegation in Paragraph 71 of the Consolidated Complaint that tuition for Spring Semester 2020 and other fees paid by Plaintiffs were intended to cover in-person educational services from January through May 2020.  By way of further response, the remaining allegations in Paragraph 71 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the remaining allegations in Paragraph 71 of the Consolidated Complaint.

72.　　The allegations in Paragraph 72 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 72 of the Consolidated Complaint.

73.　　The allegations in Paragraph 73 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 73 of the Complaint.

74.　　CMU denies the allegations in Paragraph 74 of the Consolidated Complaint.

75.　　The allegations in Paragraph 75 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 75 of the Consolidated Complaint.

76.     The allegations in Paragraph 76 of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in Paragraph 76 of the Consolidated Complaint.

**Count III**
**Conversion**
**(On Behalf of the Class and Subclass in the Alternative)**

**Paragraphs 77-86**: By email dated October 12, 2023, at 2:33 P.M., Plaintiffs' counsel indicated they would no longer pursue the Conversion claim found under Count III of the Consolidated Complaint, and therefore no response by CMU is required to the allegations of Count III.

**Count IV**
**Money Had and Received**
**(On Behalf of the Class)**

**Paragraphs 87-94**: By email dated October 12, 2023, at 2:33 P.M., Plaintiffs' counsel indicated they would no longer pursue the Money Had and Received claim found under Count IV of the Consolidated Complaint, and therefore no response by CMU is required to the allegations of Count IV.

**PRAYER FOR RELIEF**

The allegations in the "WHEREFORE" clause following Paragraph 94 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in the "WHEREFORE" clause under Paragraph 94 of the Complaint.

**DEMAND FOR TRIAL BY JURY**

The allegations in the Demand for Trial by Jury paragraph of the Consolidated Complaint are conclusions of law to which no response is required.  To the extent a response is required, CMU denies the allegations in the Demand for Trial by Jury paragraph of the Consolidated Complaint.

## **AFFIRMATIVE DEFENSES**

1.      All allegations not expressly admitted above are denied.

2.      The Consolidated Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.      Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, consent, release, ratification, privilege and justification, acquiescence, payment and release, and/or *force majeure*, and to the extent that they are duplicative of other claims or causes of action.

4.      Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiffs' claims and those of the members of the proposed class are barred because they lack standing to bring some or all of the claims alleged in the Consolidated Complaint.

6.      Plaintiffs and the proposed class members would be unjustly enriched if awarded any damages.

7.      Plaintiffs' claims and those of the members of the proposed class are barred because Pennsylvania does not recognize claims of educational malpractice.

8.      Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, because CMU did not make any promise, express or implied, to provide in-person instruction in all circumstances.

9.      Plaintiffs' claims and those of the members of the proposed class are precluded by the terms of the Course Catalog and incorporated University policies, including but not limited to CMU's Statement of Financial Obligation ("SFO"), which Plaintiffs and the proposed class members expressly agreed to as a precondition to enrollment in the Spring 2020 semester.

10.     Plaintiffs' claims and those of the members of the proposed class are barred because they fail to allege a specific and identifiable promise broken by CMU.

11.     Without assuming the burden of proof, Plaintiffs' claims and those of the members of the proposed class do not meet the requirements of Federal Rule of Civil Procedure 23 for class certification because: (1) the class is not so numerous that joinder of all members is impracticable; (2) there are not questions of law or fact common to the class; (3) the claims or defenses of the representative parties are not typical of the claims or defenses of the class and will require individualized inquiries; and (4) the representative parties will not fairly and adequately protect the interests of the class.

12.     Without assuming the burden of proof, Plaintiffs and the proposed class members cannot satisfy the requirements in Fed. R. Civ. P. 23(b) for class treatment here because: (1) prosecuting separate actions by or against individual class members would not create risk of (a) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) CMU has not acted nor refused to act on grounds that apply generally to the class and final injunctive relief or corresponding declaratory relief is not appropriate respecting the class as a whole; and (3) questions of law or fact common to class members do not predominate over questions affecting only individual members and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

13.     CMU affirmatively alleges that damages sought by Plaintiffs on behalf of any putative class members may not be recovered absent a separate determination as to whether each alleged class member has sustained damages, regardless of whether Plaintiffs prevail on their individual claims.

14.     The claims of some or all of the members of the putative class are barred in whole or in part because each of the putative class's properties, student status, or employment status are unique and are therefore not appropriate for class treatment.

15.     Plaintiffs' claims and those of the members of the proposed class are barred because CMU's actions were justified, required, and without malice.

16.     Plaintiffs' claims and those of the members of the proposed class are barred by the doctrine of accord and satisfaction.

17.     CMU did not breach the terms of any contract, express or implied.

18.     Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, because CMU's conduct was not the proximate cause of Plaintiffs' and the proposed class members' damages.

19.     Plaintiffs and the proposed class members have not suffered any damages as a result of the conduct alleged herein.

20.     Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, because they failed to mitigate their damages.

21.     To the extent that Plaintiffs and the proposed class members are entitled to recover any damages, such damages should be set off by any payments that Plaintiffs or the proposed class members received, any refunds already provided to Plaintiffs and the proposed class members, and any monies or things of value provided to Plaintiffs and the proposed class members in connection with the Spring 2020 semester.

22.     Plaintiffs' claims and those of the members of the proposed class are barred in the doctrine of impossibility.

23.     Plaintiffs' claims and those of the members of the proposed class are barred by the doctrine of impracticability.

24.     Plaintiffs' claims and those of the members of the proposed class are barred by the doctrine of frustration.

25.     Plaintiffs' claims and those of the members of the proposed class are barred by release, or because CMU's performance was otherwise excused.

26.     Plaintiffs' claims and those of the members of the proposed class are barred, in whole or in part, as contrary to public policy.

27.     Plaintiffs and the proposed class members have an adequate remedy at law and are not entitled to equitable relief.

28.     CMU expressly reserves the right to assert other defenses if, among other things, the Court certifies a class, or if the facts developed during discovery otherwise warrant amendment. Plaintiffs and the proposed class members' claims vary substantially, thereby demonstrating the impropriety of class-wide treatment, and rendering it impossible for CMU to articulate all defenses against all putative class members.

WHEREFORE, CMU denies that Plaintiffs and the proposed class members are entitled to any of the relief demanded in the Consolidated Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiffs, dismissing Plaintiffs' Consolidated Complaint in its entirety and with prejudice, and award CMU its attorneys' fees, costs, and other such relief as the Court deems equitable and just.

## NEW MATTER

Pursuant to Fed. R. Civ. P. 12(a)(1)(C) ("A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time."), CMU respectfully requests that Plaintiffs be ordered to plead in reply to the following New Matter:

1.     Plaintiffs and CMU entered into a contract, the terms of which are contained or referenced in the University's 2019-2020 Course Catalog ("Course Catalog").  A complete copy of the Course Catalog is attached hereto as **Exhibit A**.

2.     The Course Catalog states:  "More than 14,000 students in the university's seven schools and colleges benefit from a small student-to-faculty ratio and an education characterized by its focus on creating and implementing solutions for real problems, interdisciplinary collaboration and innovation."  **Exhibit A**, p. 3.

3.     The COVID-19 pandemic was a real problem that both CMU and its students had to address.

4.     Responding to the COVID-19 pandemic required CMU and its students to adapt and innovate.

5.     Learning to study and complete coursework in a new and different, remote, modality was itself educational for Plaintiffs Pfingsten and Desai.

6.     Plaintiffs Pfingsten and Desai have developed skills as a result of learning in a remote modality from which they have benefitted in subsequent educational and/or professional interactions in an increasingly remotely-connected world.

7.    As stated in the Course Catalog, CMU's Mission includes: "create[ing] a transformative educational experience for students focused on deep disciplinary knowledge; problem solving; leadership, communication, and interpersonal skills; and personal health and well-being." *Id.*

8.    The University's Course Catalog also states that: "The university's diverse community, focus on strong student-faculty ties and commitment to education outside the classroom combine to create a learning environment that is as uniquely Carnegie Mellon as the Tartan plaid on the kilts of its bagpipers." *Id.* at 5.

9.    CMU's educational programming offers many experiences outside the classroom that are not limited just to CMU's physical campuses.

10.    Further, the Course Catalog provides that: "Carnegie Mellon strives for a campus culture that reflects a fundamental respect for different ways of living, working, and learning so every student has the opportunity to reach their potential." *Id.*

11.    Admissions requirements set forth in the Course Catalog differ for different academic programs.

12.    Students are subject to, and are required to be familiar with and abide by, the policies referenced in the Course Catalog and set forth on the CMU website, including the Tuition Adjustment Policy and the Emergency (Temporary) Closing of the University Policy. **Exhibit A**, p. 29 ("All enrolled students are required to comply with the university's Academic Regulations, as well as official University Policies (www.cmu.edu/policies).    Students are expected to familiarize

themselves with these regulations . . . The university reserves the right to change regulations and policies whenever such action is deemed appropriate or necessary").

13.     The Heinz College at CMU, in which Plaintiff Desai is enrolled, similarly states in its Handbook, that "It is the responsibility of each student to be familiar with the contents in this document as well as Carnegie Mellon University and Heinz College policies and guidelines" and expressly references the University's student handbook and University Policies website.  A copy of Carnegie Mellon University's Heinz College Student Handbook 2019-2020 is attached hereto as **Exhibit B**.

14.     There is no difference in the tuition charged by CMU for in-person versus remote/online teaching, both of which CMU has offered for many years.  *See* **Exhibit A**, Course Catalog, at 13 ("Cost of Attendance" – listing the same per unit price, and the same tuition price regardless of type of enrollment).

15.     There is no difference listed in the University's "Cost of Attendance" section of the Course Catalog in the amount of tuition charged for CMU's in-persons versus fully online programs.

16.     "Student Financial Obligation Terms" – Each student is required to sign the University's Statement of Student Financial Obligation ("SFO") in which the student expressly agrees to be "responsible and obligated to Carnegie Mellon for the timely payment of Carnegie Mellon tuition, fees and other charges incurred by you or on your behalf while at Carnegie Mellon (collectively, your "student financial obligation")."  **Exhibit C** at 1 ("Student Financial Obligation," along with documentation evidencing Plaintiffs Pfingsten and Desai's agreement to the same).

17.     Students must acknowledge their agreement to the Student Financial Obligation Terms after matriculating to CMU and before receiving access to the Student Information Online ("SIO") portal.  *See* **Exhibit C** (Plaintiffs' SIO agreement to the SFO terms).

18.     The Course Catalog incorporates by reference the Tuition Adjustment Policy, which allows refunds when students take a leave of absence or withdraw anytime until 60% of a semester is completed.  **Exhibit A**, p. 51.  The Tuition Adjustment Policy is attached hereto as **Exhibit D**.

19.     The Tuition Adjustment Policy expressly states:  "There is no tuition adjustment after 60% of the semester is completed."  *Id*.  The CMU website contains no other provision for tuition refunds.

20.     The Tuition Adjustment Policy also expressly provides:  "There is no adjustment of the Port Authority Fee, Technology Fee, or Student Activity Fee."  *Id*.

21.     The Spring 2020 semester began January 13 and concluded May 12, 2020.

22.     The 60% mark for the Spring 2020 semester was no earlier than March 27, which was 15 days after CMU announced it would shift to remote learning for the remainder of the semester and 11 days after the first newly-remote learning classes began occurring.  *See* CMU Spring 2020 Semester Tuition Adjustment Schedule attached hereto as **Exhibit E**.

23.     Plaintiffs had the opportunity to withdraw from their Spring 2020 classes after the announcement of the transition to remote instruction and, had they done so, would have received a prorated tuition refund, but no academic credits, for the term.

24.     The University's "Policy on Temporary Emergency Closure of the University" applies to "[a]ll units" of CMU, including "[a]ll faculty, staff, students, and guests" and gives CMU's President the authority to close CMU's campuses.  The policy states "[t]here may be occasions when the [CMU] community is served best by suspending normal operations.  In that event, only the president (or the president's designated representative) has the authority to close the university and to specify those persons or group of persons who are free to leave or refrain from coming to campus." *See* **Exhibit A**, p. 50.

25.     This Policy makes no mention of student tuition refunds.  *Id.*

26.     This policy further states that CMU "will attempt to operate normally unless such operation represents a clear danger to students, staff or faculty."  *Id.* (emphasis added).

27.     The COVID-19 pandemic presented a clear danger to CMU students, staff and faculty.

28.     On March 11, 2020, CMU announced that it was moving all undergraduate and graduate programs to remote, virtual, or alternative learning. Consolidated Complaint ¶ 8.  *See* **Exhibit F** hereto, *CMU Transition to Remote Instruction and New Guidelines*, Mar. 11, 2020, also available at https://www.cmu.edu/leadership/president/campus-comms/2020/2020-03-11.html (last accessed Nov. 2, 2020).

29.     The announcement informed CMU students that they "should plan for remote teaching and learning to continue through the end of the semester."  *Id.*  It also requested that students not return to campus housing if possible, and cancelled or postponed all events exceeding 25 participants.  *Id.*

30.     The following day, March 12, 2020, CMU confirmed there would be no in-person education for the remainder of the Spring 2020 semester.  *See* **Exhibit G** hereto, *Important Guidance for Students to Help Inform Decision-making*, Mar. 12, 2020, also available at https://www.cmu.edu/leadership/the-provost/campus-comms/2020/2020-03-12.html (last accessed Nov. 2, 2020).

31.     On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic.  *See* **Exhibit H** hereto, World Health Org., *WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 – 11 March 2020* (Mar. 11, 2020), also available at https://www.who.int/dg/speeches/detail/whodirector-general-s-opening-remarks-at-the-media-briefing-oncovid- 19---11-march-2020.

32.     On March 19, 2020 then Pennsylvania Governor Wolf ordered closure of "all non-life-sustaining businesses in Pennsylvania . . . to slow the spread of COVID-19."  *See* **Exhibit I** hereto, "All Non-Life-Sustaining Businesses in Pennsylvania to Close Physical Locations as of 8 PM Today to Slow Spread of COVID-19," March 19, 2020, also available at https://www.governor.pa.gov/newsroom/all-non-life-sustaining-businesses-in-pennsylvania-to-close-physical-locations-as-of-8-pm-today-to-slow-spread-of-covid-19/.[2]

33.     The University was required to cancel in-person classes in response to the pandemic.

34.     It would have been impossible for CMU to lawfully provide in person classes while the Commonwealth's order requiring closure of non-life-sustaining businesses remained in effect.

---

[2]     The Court may take judicial notice of the March 19 government order because it is a matter of public record.  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993).

35.     For the remainder of Spring 2020 semester, CMU continued to provide instruction to students via a remote format.  *See* Consolidated Complaint at ¶ 9.

36.     Plaintiffs completed their coursework for the Spring 2020 semester.

37.     For Spring 2020 semester, Plaintiffs received all of the academic credits for which they enrolled and paid tuition.

38.     Plaintiff Pfingsten paid no tuition for Spring 2020 semester.

39.     Plaintiff Desai paid approximately $12,800 in tuition for the Spring 2020 semester.

40.     Plaintiff Pfingsten received $20.00 in fee refunds for Spring 2020 semester.

41.     Plaintiff Desai received $56.00 in fee refunds for Spring 2020 semester.

42.     Outside the Spring 2020 semester, Plaintiff Desai has enrolled in, paid tuition for, and accepted credit for remotely taught coursework at CMU.

43.     Outside the Spring 2020 semester, Plaintiff Desai paid the same tuition rate for online coursework as they paid for in-person courses at CMU.

44.     The University's Schedule of Classes for Spring 2020 was not part of the Undergraduate Catalog.  **Exhibit A**, p. 16 (The Undergraduate Catalog provides: "Currently enrolled students select their courses for the upcoming semester during Registration Week, prior to the end of each semester. The Schedule of Classes (https://enr-apps.as.cmu.edu/open/SOC/SOCServlet) is available online prior to Registration Week, listing available courses along with general enrollment information. The university reserves the right to make changes to hours, units or instructional staff when such changes seem necessary or advisable").

45.     The Schedule of Classes currently and for Spring 2020 semester states: "Important: The Schedule of Classes is refreshed nightly (U.S. Eastern Standard Time).  For further information regarding undergraduate courses, please refer to our Undergraduate Catalog.  Carnegie Mellon departments and University Registrar's Office reserve the right to make alterations to the schedule of classes."

October 25, 2023                                    Respectfully submitted,

                                                    /s/ Jeffrey M. Weimer

                                                    Daniel I. Booker (Pa. No. 10319)
                                                    Catherine S. Ryan (Pa. No. 78603)
                                                    Jeffrey M. Weimer (Pa. No. 208409)

                                                    **REED SMITH LLP**
                                                    225 Fifth Avenue, Suite 1200
                                                    Pittsburgh, PA 15222
                                                    Phone: (412) 288-3131
                                                    Fax: (412) 288-3063
                                                    Email: dbooker@reedsmith.com;
                                                    cryan@reedsmith.com;
                                                    jweimer@reedsmith.com

                                                    *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 25, 2023 the foregoing *Answer* was filed electronically with the Court.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ *Jeffrey M. Weimer*_____
Attorney for Defendant