IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>CARNEGIE MELLON UNIVERSITY<br><br>      Defendant. | Case No. 2:20-cv-00716-RJC |
| ANOKHY DESAI, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>CARNEGIE MELLON UNIVERSITY<br><br>      Defendant. | Case No. 2:20-cv-00844-RJC |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR ORDER REQUIRING PLAINTIFFS TO REPLY TO DEFENDANT'S "NEW MATTER"**

Plaintiffs submit this response, pursuant to this Court's October 26, 2023 Order (ECF 59), in opposition to Defendant Carnegie Mellon University's request for this Court to order Plaintiffs to reply to Defendant's New Matter.

Defendant has not provided any rationale or other support for why the highly unusual step of ordering a reply should be granted in this instance. (*See* ECF 58). A review of the Answer and Defendant's purported "New Matter" shows that the New Matter does nothing more than

1

restate information already set forth by Defendant in its Answer and is nothing more than an improper effort to seek discovery through pleading, rather than the proper pretrial procedures contemplated in Rules 16 and 26 of the Federal Rules of Civil Procedure.

Moreover, Defendant's pleading of "New Matter" is not permitted and is procedurally improper under the federal rules. As such, the federal rules do not contemplate or permit pleading a reply to New Matter, except in special circumstances. This case does not present a special circumstance. The intent of the federal rules is for the pleadings to end at an answer. Replies are highly unusual, and there is nothing unique about this case, or Defendant's Answer or New Matter, to support requiring a reply.

## I. BACKGROUND

Plaintiffs' claims in this action are based upon Defendant's failure to provide in-person, on-campus education during the spring semester of its 2019-2020 academic school year, as a result of the Covid-19 pandemic. Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC") on September 25, 2020 asserting claims for breach of contract, unjust enrichment, conversion, and money had and received. (ECF 9). On March 29, 2022, while Defendant's motion to dismiss was pending, this action was stayed pending the Third Circuit's decision in *Hickey v. University of Pittsburgh*, 535 F.Supp.3d 372 (W.D. Pa. 2021), and *Ryan v. Temple University*, 535 F.Supp.3d 356 (E.D. Pa. 2021), Case Nos. 21-2013 and 21-2016 (consolidated). (ECF 49). On September 18, 2023, the Court lifted the stay and ordered Defendant to answer or move to dismiss the CAC. (ECF 55).

On October 25, 2023, Defendant filed its Answer to the CAC. (ECF 58). Along with its Answer and Affirmative Defenses, Defendant set forth 44 additional paragraphs of "New Matter," which, for the most part, simply assert various factual allegations pertaining to the same

allegations and defenses raised in the CAC and Answer, namely, Defendant's 2020 Spring Course Catalog and the COVID-19 closure. (ECF 58). Defendant asked the Court to order Plaintiffs to "plead in reply to the [] New Matter." (*Id.* at p.19).

## II.     ARGUMENT

The framers of the Federal Rules of Civil Procedure "intended that pleadings should be terminated quickly." *Johnson v. Metro. Life Ins. Co.*, 4 F.R.D. 294, 295 (M.D. Pa. 1945). Generally, "the complaint and answer are the only pleadings necessary in federal practice." 5 Charles Allen Wright, et. al., Fed. Prac. & Proc. Civ. § 1183 (4th ed.); *see also Monk v. United Life & Acc. Ins. Co. of Concord, N.H.*, 2 F.R.D. 372, 372 (E.D. Pa. 1942) ("Since the function of pleadings, particularly under the Federal Rules of Civil Procedure, is to create the issues of the case, it is clear that if these issues are created by the complaint and answer, there is no need for additional pleadings").

The function of the pleadings is to frame the issues, which is typically accomplished by the complaint and answer with no need for additional pleadings. *Johnson*, 4 F.R.D. at 295. "It is well to keep in mind that cases should generally be tried on proofs rather than on the pleadings." *Id.* As this Court long ago explained, "the development of facts in pretrial proceedings should be accomplished under the provisions of the rules providing for discovery, depositions, interrogatories and the like" and not through a reply, particularly one that is unlikely to adequately substitute for, or eliminate the need for, other discovery proceedings. *Von Mailath v. Ord. of Daughters of Divine Redeemer*, 10 F.R.D. 420, 420 (W.D. Pa. 1950).

There is no standard set forth in the federal rules for ordering a reply. *See* Fed. R. Civ. P. 7.[1] Courts typically place a strict standard on such a requirement, requiring that there be a "substantial reason" to require the reply. *See Mission Appliance Corp. v. Ajax Thermostatic Controls Co.*, 8 F.R.D. 588, 588 (N.D. Ohio 1948); *Beckstrom v. Coastwise Line*, 14 Alaska 190, 195–96 (D. Alaska 1953) (explaining that courts are reluctant to order the filing of replies); *see also* 5 Charles Allen Wright, et. al., Fed. Prac. & Proc. Civ. § 1185 (4th ed.) ("A substantial reason must be given or necessity must be demonstrated by the movant to justify the court ordering a reply to an answer"). As the District Court for the Southern District of New York explained:

> The courts recognize (1) that there is an essential difference in function between pleadings and pre-trial discovery and inspection; (2) that pleadings should be simple and brief, and should normally be limited to a complaint and an answer; (3) that a reply to an affirmative defense should not be ordered *unless there is a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature*; (4) that a reply is *not* to be utilized as a substitute for discovery and inspection [F.R.Civ.P. rules 26 et seq.] or for a pre-trial hearing [F.R.Civ.P. rule 16].

*Moviecolor Ltd. V. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959) (emphasis added). A reply should *not* be used to narrow issues in advance of discovery. *Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co.*, 10 F.R.D. 39, 41 (S.D.N.Y. 1950) ("A narrowing of the issues can be obtained by the effective use of depositions and discovery and admissions of facts and of the genuineness of documents"). Nor should a reply be used to facilitate the court's inquiry into the validity of the claims. *Bower v. Casanave*, 44 F. Supp. 501, 507 (S.D.N.Y. 1941).

---

[1] Defendant cites Rule 12(a)(1)(C), which only addresses the timing of a reply once ordered. Rule 7(a) sets forth the allowed pleadings.

Here, Defendant has made *no showing whatsoever* of any reason, let alone a substantial reason, that Plaintiff should be required to plead in reply to its "New Matter."

Indeed, Defendant's New Matter does nothing more than rehash much of what it said in its Answer. For example, Plaintiffs allege that the parties entered into a contractual relationship, the terms of which are set forth in various publications from Defendant, which include but are not limited to the Spring 2020 Course Catalog. *See* CAC at ¶ 57. Plaintiffs included a link to the Course Catalog. *Id.* at n.12. In its Answer, Defendant admitted that the parties entered into a contractual relationship and that the terms of that relationship included "certain provisions of CMU's Spring Semester 2020 Course Catalog" and asserted that the Course Catalog at footnote 12 was a written document which contents speak for itself. *See* Answer at ¶ 57. Yet, with its "New Matter," Defendant asks this Court to order Plaintiffs to reply to 14 paragraphs that are specifically about information in the Course Catalog. *See* Defendant's New Matter at ¶¶ -2, 7-8, 10-12, 14-15, 18, 24-26, 44.

The parties clearly agree that there was a contractual relationship governed in part by the Course Catalog, but the case will require discovery into the implied or expressed terms of the contractual relationship and the understanding of the parties. For example, Defendant suggests that certain provisions of the Catalog were part of the contract while other provisions did not constitute a contractual promise. *See*, *e.g.*, Answer at ¶ 59. The parties must explore this and other matters through the processes set forth in Rule 16 and Rule 26, and not through unnecessary additional pleadings. To thrust such a pleading obligation upon Plaintiffs would undermine the litigation and discovery process contemplated by the federal rules.

The only clear area that replies to answers have been routinely ordered is to facilitate the evaluation of a qualified-immunity defense at the pleading stage. *Zion v. Nassan*, No. CIV.A. 09-

5

383, 2011 WL 3757319, at *3 (W.D. Pa. Aug. 25, 2011). Qualified immunity is not at issue here, and there is nothing asserted in the New Matter that requires a preliminary determination by the Court similar to a qualified immunity defense. This breach of contract case is not unique and requires no departure from the typical closing of the pleadings at the answer.[2]

Moreover, there is *no support* in the federal rules for Defendant to plead a "New Matter" let alone for a reply to it to be ordered. Fed. R. Civ. P. 7(a) provides:

> *Only* these pleadings are allowed:
> **(1)** a complaint;
> **(2)** an answer to a complaint;
> **(3)** an answer to a counterclaim designated as a counterclaim;
> **(4)** an answer to a crossclaim;
> **(5)** a third-party complaint;
> **(6)** an answer to a third-party complaint; and
> **(7)** if the court orders one, *a reply to an answer*.

Fed. R. Civ. P. 7(a) (emphasis added).

"'New Matter' is [] not a proper pleading under the Federal Rules of Civil Procedure." *Readmond v. Matsushita Elec. Corp. of Am.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1973).[3] Indeed, "New Matter" is a creature of state law pleading, *see* Pa. R. Civ. P. 1030, and is not among those pleadings permitted by Rule 7(a), *see* Fed. R. Civ. P. 7(a). Courts have repeatedly rejected attempts by parties to insert additional claims, demands, or allegations through the purely state law procedural device of pleading a "New Matter." *See Readmond*, 55 F. Supp. At 1080; *see also*

---

[2] Similar cases against other universities are pending in federal court in Pennsylvania and elsewhere, and a reply has not been ordered in any of them. *See, e.g.*, *Ryan v. Temple University*, No. 5:20-cv-02164 (E.D. Pa.); *Engel v. Gannon University*, No. 1:23-cv-00244 (W.D. Pa.); *Ramey v. The Pennsylvania State University*, No. 2:20-cv-753 (W.D. Pa.); *Smith v. University of Pennsylvania*, No. 2:20-cv-02086 (E.D. Pa.); *see also Meng v. The New School*, No. 1:23-cv-3851 (S.D.N.Y.); *Coccaro v. Barnard College*, No. 1:23-cv-03809 (S.D.N.Y.).

[3] While Rule 7 provides that a reply to an answer may be ordered, it does not contemplate a reply to a "New Matter" because such a pleading is not permitted under the federal rules.

*Secureinfo Corp. v. Bukstel*, 2003 WL 21961381, at *4 (E.D. Pa. July 10, 2003) ("Without cataloguing each and every instance of Defendant's failure to follow the Federal Rules, Defendant has asserted certain things as 'New Matter,' which is not recognized under the Federal Rules."); *Yellow Book Sales & Distribution Co. v. White*, 2011 WL 830526, at *1 (E.D. Pa. Mar. 10, 2011) (striking "new matter"). A defendant should not "be excused from wholesale violations of the pleading rules." *Secureinfo Corp. v. Bukstel*, 2003 WL 21961381, at *4 (E.D. Pa. July 10, 2003). And pleadings that are not authorized by the Rules "cannot be considered." *Middle W. Const. v. Metro. Dist.*, 2 F.R.D. 117, 117 (D. Conn. 1941), *aff'd sub nom. Middle W. Const. v. Metro. Dist. of Hartford, Conn.*, 133 F.2d 468 (2d Cir. 1943).[4] Because Defendant's "New Matter" is not an allowed pleading in federal court, and because Rule 7 does not contemplate an answer to it, Defendant's request to this Court to order Plaintiffs to plead in reply to the "New Matter" should be denied.

### III.    CONCLUSION

Because Defendant failed to articulate any substantial reason or necessity for a reply, and because the Rules do not contemplate a "New Matter" as a pleading, let alone a reply to New Matter as a pleading, this Court should deny Defendant's request that Plaintiffs be ordered to plead in reply to its New Matter.

---

[4] A pleading not permitted by the Rules may be stricken *sua sponte* by the Court. *See Freeman v. Dep't of Corr.*, 2008 WL 5192369, at *1, n.2 (M.D. Pa. Dec. 11, 2008).

Dated: November 9, 2023

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
Kelly K. Iverson
Nicholas A. Colella
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
Email: gary@lcllp.com
kelly@lcllp.com
nickc@lcllp.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

**Pro Hac Vice* Forthcoming
Interim Class Counsel