IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, ANOKHY DESAI, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>    Defendant. | Civil Action No. 2:20-CV-00716<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CARNEGIE MELLON UNIVERSITY'S
REPLY BRIEF IN SUPPORT OF REQUEST FOR ORDER REQUIRING
PLAINTIFFS TO PLEAD IN RESPONSE TO CMU'S ANSWER**

Pursuant to this Court's Motions Procedures, Section 5, Defendant Carnegie Mellon University ("CMU") submits this Reply Brief in Support of its Request for an Order Requiring Plaintiffs To Plead in Response to CMU's Answer.

On October 26, 2023, this Court Ordered Plaintiffs to "file a response by 11/9/23 to Defendant's request in the recently-filed Answer [58] that the Court order Plaintiffs to reply to Defendant's Answer within 21 days." Doc. 59. Rather than plead in response to CMU's Answer, which alleges additional basic but central facts relative to Plaintiffs' claims, Plaintiffs instead go to great pains to avoid having to face those allegations in favor of additional costly and protracted litigation and discovery. This is not what the Federal Rules of Civil Procedure require or permit.

CMU and this Court – for purposes of narrowing discovery and efficiently resolving this case, including by potential resolution through a motion for judgment on the pleadings – are entitled to know whether Plaintiffs admit or deny the dispositive facts CMU alleges in its Answer regarding the terms of any agreement between CMU and its students. Plaintiffs, who

themselves allege the existence of this contract, cannot retreat to a purported need for discovery as to that contract's terms in order to prolong this case unnecessarily. Plaintiffs do not need discovery to plead in response to CMU's allegations and they should be required to respond promptly.

Rule 7(a)(7) of the Federal Rules of Civil Procedure explicitly recognizes "a reply to an answer" as a pleading. Fed. R. Civ. P. 7(a)(7). Rule 12(a)(1)(C) further contemplates that a party may be ordered to plead in response to an answer. *See* Fed. R. Civ. P. 12(a)(1)(C) ("[a] party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time"); *see also Robinson v. Horizon Blue Cross Blue Shield of N.J.*, Civil Action No. 2:12-cv-02981 (MCA) (LDW), 2015 U.S. Dist. LEXIS 92249, *4 (D.N.J. July 15, 2015) ("Unlike complaints or answers that assert counterclaims or cross claims, which require response, a party may file a reply to an answer that asserts no claims only if ordered to do so by the Court").

Rule 1 of the Federal Rules of Civil Procedure states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . . They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

*See* Fed. R. Civ. P. 1.

In the instant case, CMU's Answer contains factual allegations relevant to Plaintiffs' causes of action against CMU. Plaintiffs' truthful acknowledgement of the factual allegations set forth in CMU's Answer will support the expeditious resolution of this litigation and can be expected to narrow the disputed issues in advance of further proceedings. An Order by this Court requiring Plaintiffs to respond to CMU's Answer would therefore "secure the just, speedy, and inexpensive determination" that the federal rules require. *See Hoffman v. Kennedy*, 30

F.R.D. 50, 52 (E.D. Pa. 1962) (allowing a defendant to untimely respond in contravention to the express time permitted under the Rules because a "liberal interpretation" of the Rules comports with the underlying objective of the Federal Rules of Civil Procedure that each rule should be "construed 'to secure the just, speedy and inexpensive determination of every action'") (citing Fed. R. Civ. P. 1).

Contrary to Plaintiffs' arguments in their opposition, federal courts do, in fact, invoke these rules to require parties to plead in response to an answer when there are basic and threshold facts that could lead to early disposition of the case. *See, e.g., Ray v. Roane*, Civil Action No. 5:17-cv-00093, 2018 U.S. Dist. LEXIS 160616, *2 (W.D. Va. Sept. 20, 2018) (reversed on other grounds). *Ray* involved a threshold issue of an immunity defense[1] which, if established, would dispose of the case. *See Ray*, 2018 U.S. Dist. LEXIS 160616, at **2, 5, 16-19. Here too, the facts alleged in CMU's Answer would enable this Court to evaluate and potentially dispose of this case as a matter of law on the pleadings. The Federal Rules of Civil Procedure expressly contemplate that disposition of cases on the pleadings is permissible where there are no disputes of material fact. *See* F. R. Civ. P. 12. This is true as to breach of contract claims, which are properly disposed of on a motion for judgment on the pleadings where the contract terms are clear and unambiguous. *See, e.g.*, *Hammond v. U.S. Liab. Ins. Co.*, Case No. 14-cv-0847, 2015

---

[1] Plaintiffs argue, without supporting authority holding as much, that *only* matters of qualified immunity are routinely addressed in a reply to an answer. Doc. 60 at 5-6. This is incorrect and plainly not what Rules 7 and 12 themselves say. Courts have required a reply to an answer more generally on dispositive issues. *See, e.g., Mosher v. Snyder & Swanson, Inc.*, 8 F.R.D. 100, 101 (W.D. Pa. 1948) (ordering plaintiff to reply to defendant's answer where "defendant pleaded certain matter in avoidance of the contract upon which plaintiff based his claim") (Gibson, J.); *Bankers Bond and Mortgage Co. v. Witherow*, 1 F.R.D. 197 (E.D. Pa. 1940) (permitting a Reply to New Matter in an Answer where the reply was centered on a dispositive issue); *see also Beckstrom v. Coastwise Line*, 13 F.R.D. 480, 482 (D. Alaska 1953) (citing *Bankers Bond, supra*, for the position that a "substantial reason" to permit a reply to an answer includes where a reply may result in a dispositive motion).

U.S. Dist. LEXIS 9973, *12-13, 26-31 (W.D. Pa. Jan. 28, 2015) (granting judgment on the pleadings for defendant in breach of contract claim because the contractual terms were unambiguous) (Schwab, J.); *see also CitiSteel USA, Inc. v. GE*, 78 Fed. Appx. 832, 834-37 (3d Cir. 2003) (affirming the district court's granting of judgment on the pleadings where neither side disputed the documents attached to the motion or the response; and relevant contract terms were unambiguous).

The pleadings here related to Plaintiffs' own allegation that CMU's Course Catalog contains terms of the Parties' contract should be complete – including by requiring Plaintiffs, with minimal burden, to plead in response to the allegations of CMU's Answer[2] – so that resolution of this contract case might be sought as a matter of law.

Accordingly, in the interests of fully developing the pleadings in this action, CMU respectfully requests that the Court order Plaintiffs, pursuant to Rules 7(a)(7) and 12(a)(1)(C), to plead in response to CMU's New Matter to the Consolidated Class Action Complaint within 21 days.

Dated:  November 14, 2023                              Respectfully Submitted,

                                                       */s/ Jeffrey M. Weimer*

                                                       Daniel I. Booker (Pa. No. 10319)
                                                       Catherine S. Ryan (Pa. No. 78603)
                                                       Jeffrey M. Weimer (Pa. No. 208409)

---

[2] Plaintiffs' focus on CMU's heading within its Answer of "New Matter" as impermissible state-court pleading practice puts form over substance.  Doc. 60 at pp. 6-7.  As Plaintiffs themselves acknowledge in the opposition, Doc. 60 at p. 5, CMU's "New Matter" largely consolidates and reiterates facts stated elsewhere in its Answer.  *See Bankers Bond*, 1 F.R.D. at 198 (acknowledging "New Matter" in an Answer as "an affirmative defense").  If, however, the Court considers CMU's "New Matter" heading to be problematic, CMU respectfully requests leave to amend its Answer to remove that heading.

**REED SMITH LLP**
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Phone: (412) 288-3131
Fax: (412) 288-3063
dbooker@reedsmith.com;
cryan@reedsmith.com;
jweimer@reedsmith.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Jeffrey M. Weimer*
Jeffrey M. Weimer