IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, ANOKHY DESAI, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> CARNEGIE MELLON UNIVERSITY, <br><br> Defendant. | Civil Action No. 2:20-CV-00716 |

### JOINT PRE-CONFERENCE STATEMENT

Plaintiffs Abigale Pfingsten and Anokhy Desai and Defendant Carnegie Mellon University ("CMU"), pursuant to the Court's Order Setting Telephonic Initial Case Management Conference (ECF 65) and Hon. Robert J. Colville's Practices and Procedures (III.A.2), submit this Joint Pre-Conference Statement.

**I.     Statement of Facts**

A. Procedural Facts

Plaintiff Abigale Pfingsten filed her Complaint on May 15, 2020 (ECF 1). Plaintiff Anokhy Desai filed her Complaint on June 5, 2020. No. 2:20-cv-844, ECF 1. This Court consolidated the related cases on August 26, 2020 (ECF 8), and the Plaintiffs filed their Class Action Amended Complaint on September 25, 2020 (ECF 9). Defendant filed its Motion to Dismiss on November 16, 2020 (ECF's 15, 16), which was fully briefed on January 4, 2021 (ECF 23). In response to the number of Supplemental Authority filings by both parties, and the "steady issuance of opinions from various courts deciding COVID-based tuition and fee class action claims against universities," this Court dismissed Defendant's motion without prejudice on April 30, 2021 (ECF 34). Defendant filed its renewed Motion to Dismiss on May 14, 2021 (ECF's 37, 38), and oral argument was held after briefing completed on June 28, 2021 (ECF 43). Following oral argument, on March 22, 2022, this Court issued an Order to Show Cause why this action should not be stayed pending the consolidated Third Circuit appeals in *Hickey v. University of Pittsburgh*, 535 F.Supp.3d 372 (W.D. Pa. 2021), and *Ryan v. Temple University*, 535 F.Supp.3d 356 (E.D. Pa. 2021) (ECF 48), and ultimately issued a Stay on March 29, 2022 (ECF 49).

After the opinion was issued in *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301 (3d Cir. 2023), this Court lifted the Stay on September 18, 2023 (ECF 55). On October 25, 2023, Defendant filed its Answer, Affirmative Defenses, and New Matter (ECF 58).

B.  Substantive Facts

The Plaintiffs were students enrolled at CMU during the Spring 2020 semester. In response to the government-mandated order concerning the spread of the Covid-19 virus, CMU suspended on-campus instruction, transitioned to a remote learning environment, and closed certain campus facilities for a portion of the Spring 2020 semester. As a result, the Plaintiffs no longer attended classes in-person on campus, or had access to certain campus facilities. Plaintiffs, however, completed coursework and received credits toward their degrees. Plaintiffs argue that they are entitled to a general, pro-rata refund of tuition or fees for the portion of Spring 2020 during which courses were completed remotely.

## II.    Statement of Claims and Defenses

A.  Plaintiffs' Statement of Claims

Plaintiffs bring two causes of action on behalf of themselves and individuals similarly situated: (i) breach of contract; and (ii) unjust enrichment in the alternative. Plaintiffs allege that Defendant promised access to campus and campus facilities, numerous services, benefits, and an in-person, on-campus education in return for payment of tuition and certain fees. Defendant charged, and Plaintiffs provided, tuition and fees for the Spring 2020 semester explicitly for the rights to these benefits as provided through a conglomeration of sources, including Defendant's longstanding history of providing in-person education. Defendant failed to provide what it promised, entitling Plaintiffs to a prorated refund of what it bestowed upon Defendant. In the alternative, by failing to provide what was paid for, and by retaining the funds received, Defendant has been unjustly enriched.

B.  Defendant's Statement of Defenses

Defendant Carnegie Mellon University disputes Plaintiffs' allegations both that it breached any contract—express or implied—with students for in-person instruction and that CMU has been unjustly enriched. CMU transitioned to remote instruction and closed certain facilities in response to the COVID-19 pandemic in accordance with the established and published policies and procedures that governed both CMU and its students. CMU also transitioned to remote instruction and closed certain facilities in accordance with government-mandated orders calling for the suspension of in-person activities, thus rendering any in-person modality or activities impossible and/or impracticable to provide. Although Plaintiffs pray for a refund of tuition due to remote instruction, Plaintiff Pfingsten paid no tuition during Spring 2020, and CMU customarily charges the same tuition for in-person and remote/online teaching. Plaintiffs also accepted the terms of any alleged implied contract and/or failed to mitigate their damages when they chose to remain enrolled in their courses even though the withdrawal deadline for the relevant term did not expire until after CMU's announcement that it was suspending in-person instruction.  Plaintiffs moreover fail to satisfy the requirements for class certification under Fed. R. Civ. P. 23, including the typicality and adequacy of Plaintiffs as class representatives, and the requirements of commonality, numerosity, predominance, and typicality for Plaintiffs' claims.

CMU also submits that Plaintiffs have incurred no damages because Plaintiffs  received the education, credits, and life skill experiences that they paid for and progressed toward their

degrees without interruption or delay. Finally, CMU denies that it has been unjustly enriched under these circumstances where the University incurred significant additional costs to continue providing instruction during the pandemic. The basis for these defenses are more fully set forth in Defendant's Answer, Affirmative Defenses, and New Matter to Plaintiffs' Consolidated Complaint.

### III.     Status of the Exchange of Discovery

Given the status of the case, and the parties having just had their Rule 26(f) conference, discovery recently commenced. Plaintiffs initiated discovery on July 25, 2024, by serving requests for production of documents. The parties exchanged initial disclosures on July 29 and July 30, 2024. The parties anticipate further discovery via interrogatories, requests for production, requests for admission, and depositions to commence in the near future, and following the discovery timeline as set forth by this Court after the Initial Case Management Conference.

### IV.     Estimated Costs and Time Expended for Trial

Should this case continue to trial, the parties anticipate expending time and resources on class and fact discovery, including the cost of depositions, dispositive motions (if any), experts, and preparation for trial. Those costs are not capable of accurate estimation at this time. The parties would then expect to incur costs and attorneys' fees for a five-to-10 day trial.

### V.      Relief Sought

Plaintiffs seek, for themselves and Class members, a refund of the pro-rated portion of the tuition and fees paid, proportionate to the reduction in services provided during the time that remained in the Spring 2020 semester when CMU closed and switched to online distance learning and closed campus and its facilities. Alternatively, Plaintiffs seek restitution for the prorated portion of the tuition and mandatory fees that Plaintiffs and Class members each paid equal to the reduction in benefit for education and services during the time that remained in the Spring 2020 semester when CMU closed and switched to online distance learning and closed campus and its facilities.

CMU denies that the Plaintiffs are entitled to the relief sought.

### VI.     Settlement Position

The Parties have agreed to mediate this dispute and are in the process of coordinating scheduling of the mediation with their respective clients and the selected mediator, Hon. Diane Welsh.

Dated: July 31, 2024

*/s/ Gary F. Lynch*

Gary F. Lynch
Kelly K. Iverson
Nicholas A. Colella
**LYNCH CARPENTER, LLP**
1133 Penn Ave., Floor 5
Pittsburgh, PA 15222
T. (412) 322-9243
F. (412) 231-0246
Email: gary@lcllp.com;
kelly@lcllp.com;
nickc@lcllp.com

Philip L. Fraietta
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas,
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Sarah N. Westcot
**BURSOR & FISHER, P.A.**
2665 S. Bayshore Drive,
Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

***Attorneys for Plaintiffs***

Respectfully submitted,

*/s/ Jeffrey M. Weimer*

Daniel I. Booker (PA 10319)
Jeffrey M. Weimer (PA 208409)
**REED SMITH**
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3131
Fax: (412) 288-3063
Email: dbooker@reedsmith.com
          jweimer@reedsmith.com

***Attorneys for Defendant***

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

                                                            */s/ Jeffrey M. Weimer*
                                                            Jeffrey M. Weimer