UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| ABIGALE PFINGSTEN and ANOKHY DESAI, )<br>*individually and on behalf of all others similarly* )<br>*situated*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CARNEGIE MELLON UNIVERSITY, )<br>)<br>Defendant. )  | Case No. 2:20-cv-00716-RJC |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION OF NICHOLAS A. COLELLA IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING

I, Nicholas A. Colella, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at the law firm of Lynch Carpenter, LLP ("Lynch Carpenter"), and one of the attorneys representing Plaintiffs Abigale Pfingsten and Anokhy Desai (collectively, "Plaintiffs"), and the proposed Class in the above-captioned action against Defendant Carnegie Mellon University ("CMU" or "Defendant") (and with Plaintiffs, the "Parties").

2. I provide this Declaration in support of Plaintiffs' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing.

3. I have personal knowledge of all matters set forth herein and would testify competently to them if called upon to do so.

1

4.      Plaintiffs filed this action to recover a partial refund of retained tuition and fees owed to Plaintiffs, who commenced this action on behalf of themselves and a putative class of individuals who paid tuition and/or fees to attend CMU for in-person, hands-on educational services and access for the Spring 2020 semester and had their course work moved to online only learning.

5.      During the course of this litigation, the Parties engaged in informal and confirmatory discovery via the mediation process.

6.      While the Parties did not complete formal discovery, the information CMU produced and the publicly available financial information that was reviewed by Class Counsel provided the information needed for Class Counsel to objectively evaluate the strengths and weaknesses for Plaintiffs' and Settlement Class Members' claims.

7.      The Parties have entered into a Stipulation of Settlement, attached hereto as Exhibit 1, following a full-day mediation session overseen by Hon. Diane M. Welsh (Ret.) on October 22, 2024. While no agreement was reached at that time, the Parties continued to discuss early resolution and were ultimately able to reach an agreement in principle on November 21, 2024, with the guidance of Judge Welsh. The proposed Settlement will resolve all pending claims in the litigation for approximately 13,337 Settlement Class Members.

8.      The Parties did not negotiate the amount of Case Contribution Awards to Plaintiffs until after the key provisions of the Stipulation of Settlement, including the amount of relief to the Settlement Class, were agreed upon.

9.      Other than the Stipulation of Settlement itself, there are no other additional agreements involving the parties related to this Settlement.

10. Following the agreement in principle, the Parties spent significant time drafting and revising drafts of the full Stipulation of Settlement, proposed notices, proposed orders, and selecting the Settlement Administrator. At all times, these negotiations were at arm's length, courteous, professional, intense, and hard-fought on all sides.

11. Plaintiffs provided substantial assistance that allowed Class Counsel to successfully prosecute and resolve this action, and their interests are aligned with those of the Settlement Class. Plaintiffs have performed valuable services for the Settlement Class, including bringing their claims to Class Counsel, agreeing to serve as the representative plaintiffs, reviewing the complaint, providing information and documentation, where available, to Class Counsel, and approving the Settlement and consenting to the submission of the proposed Settlement for the Court's approval.

12. The Stipulation of Settlement will provide Settlement Class Members with significant monetary relief in the amount of a non-reversionary cash payment of $4,800,000 into a settlement fund. Under the Settlement, the settlement fund shall be used to pay court-approved attorneys' fees and reasonable litigation costs, fees, and expenses for the Settlement Administrator, and any court-approved Case Contribution Awards to the Plaintiffs, in recognition of the risks and benefits of their participation and substantial services they performed. After all applicable fees, expenses and awards are deducted, the Net Settlement Fund will be distributed to the Settlement Class Members.

13. This case and the proposed Settlement are the product of significant investigation of Plaintiffs' and Class Members' claims. Class Counsel conducted extensive and lengthy research into the issues presented in this matter, including briefing multiple motions to dismiss, reviewing information produced by CMU and publicly available financial documents pertaining to CMU, and analyzed the applicable legal precedents and previous settlements in similar cases.

14. Based on the information obtained through informal discovery, Class Counsel's independent investigation of the relevant facts and applicable law to assess the merits of the claims to be resolved in the Stipulation of Settlement and how best to serve the Settlement Class, and Class Counsel's broad experience with other complex and novel cases, Class Counsel determined that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class, especially when taking account of the immediate benefits that the Settlement provides compared to the risks, uncertainties, delays, and costs of continued litigation.

15. For the purposes of effectuating individualized, direct Notice, Short Form Notice will be provided to each Settlement Class Member by email (where available) and direct mail (where email is not available) with pertinent information regarding the Settlement. To effectuate the Short Form Notice, CMU will provide the Settlement Administrator with a list that includes the names and last known personal email address and permanent postal address, to the extent available, belonging to all Settlement Class Members. Class Counsel is confident that the addresses of nearly all Settlement Class Members will be ascertained by the time Notice is issued.

16. The Settlement Administrator shall also establish a Settlement Website, which will include the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties. The Long Form Class Notice describes plainly: (i) the terms and effect of the Settlement; (ii) the time and place of the Final Approval Hearing; (iii) how the recipients of the Class Notice may object to the Settlement; (iv) the nature and extent of the release of claims; and (v) the form and methods by which Settlement Class Members may either participate in or exclude themselves from the Settlement.

17. In addition to the Short Form Notice and Long Form Notice, Notice will be effectuated by posting a direct link to the Settlement Website on a website hosted by CMU. I believe the proposed Notice Plan represents the best practicable Notice to Settlement Class Members and satisfies all due process considerations and meets the requirements of Federal Rule of Civil Procedure 23(e)(1)(b).

18. Class Counsel has significant experience in consumer class-action litigation, including university tuition refund actions such as this one. Lynch Carpenter has been appointed as interim lead counsel, and as Class Counsel, in a number of analogous cases across the country: *See, e.g., Ramey v. The Pennsylvania State University*, No. 2:20-cv-753 (W.D. Pa.); *Nouri v. University of Scranton*, No. 3:23-cv-1362 (M.D. Pa.); *Alunni v. Lebanon Valley College*, No. 1:23-cv-01424 (M.D. Pa.); *Cantave v. Saint Joseph's University*, No. 2:23-cv-03181 (E.D. Pa.); *Engel v. Gannon Univ.*, No. 1:23-cv-244 (W.D. Pa.); *Felix, et al. v. Roosevelt Univ.*, No. 20-cv-4793 (N.D. Ill. Nov. 12, 2020); *Ryan, et al. v. Temple Univ.,* No. 20-cv-02164 (E.D. Pa. Aug. 21, 2020); *Polley, et al v. Northwestern Univ.*, No. 1:20-cv-04798 (N.D. Ill. Nov. 2, 2020); *Kincheloe, et al v. Univ. of Chicago*, No. 1:20-cv-3015 (N.D. Ill. Feb. 1, 2021); *Vakilzadeh, et al. v. The Trustees of The California State University*, No. 20STCV23134 (Los Angeles Sup. Ct Nov. 4, 2021)[1]; *Levin, et al. v. The Board of Regents of the University of Colorado*, No. 2020CV31409 (Denver Dist. Ct. July 19, 2023) (granting final approval of class settlement); *Okolo v. Maryville University of St. Louis*, No. 20SL-CC02850 (21st Judicial Circuit Ct., St. Louis County, MO Feb. 9, 2021); *Waitt v. Kent State University*, No. 2020-00392JD (OH Ct. of Cl. Mar. 2, 2022); *Duke v. Ohio University*, No. 2021-00036JD (OH Ct. of Cl. Mar. 9, 2022); *Smith v. University of Pennsylvania*, No. 2:20-cv-02086 (E.D. Pa. Jan. 18, 2023) (granting final approval of class settlement); and

---

[1] Lynch Carpenter was appointed as part of Plaintiffs' Consensus Committee.

*Figueroa, et al. v. Point Park University*, No. 2:20-cv-1484 (W.D. Pa. Dec. 5, 2023) (granting final approval of class settlement).

19. As demonstrated herein and further throughout Lynch Carpenter's firm resume, attached hereto as Exhibit 2, Lynch Carpenter has served as lead counsel in hundreds of complex cases, and maintains an active class action practice, handling all aspects of class actions from investigation and discovery through trial and appeal.

20. Attached as Exhibit 3 is a true and correct copy of the firm resume provided to me by Bursor & Fisher, P.A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2025     /s/ *Nicholas A. Colella*
in Pittsburgh, Pennsylvania       Nicholas A. Colella