UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, and ANOKHY DESAI, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>　　　　　　　Defendant. | Case No. 2:20-cv-00716-RJC |

### DECLARATION OF NICHOLAS A. COLELLA
### IN SUPPORT OF PLAINTIFFS' MOTION FOR
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Nicholas A. Colella, declare as follows:

1. I am a partner in the law firm of Lynch Carpenter LLP and am counsel of record for Plaintiffs Abigale Pfingsten and Anokhy Desai ("Plaintiffs") and the conditionally-certified Settlement Class, along with Gary F. Lynch of Lynch Carpenter, LLP, and Philip L. Fraietta of Bursor & Fisher, P.A., in the above captioned matter against Defendant Carnegie Mellon University ("Defendant" or "CMU"). I am personally involved in the prosecution of this matter.

2. The team of Class Counsel attorneys involved in the resolution of this matter possess extensive experience litigating complex class actions.

3. I have been involved in this Action from the filing of the Complaint through its resolution.

4. I make this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Plaintiffs' Motion"), which seeks final approval of the Settlement Agreement.

5. The matters set forth herein are stated with my personal knowledge.

6. Class Counsel, on behalf of Plaintiffs and the proposed Settlement Class, have negotiated a settlement of all claims against Defendant for its transition to online only learning following the COVID-19 pandemic.

7. I am submitting this declaration to put before the Court certain documents and facts supporting final approval of the Settlement and demonstrating that the requirements of Federal Rule of Civil Procedure 23 are satisfied for purposes of finally certifying the Settlement Class and that the proposed Settlement is fair, reasonable, and adequate.

8. In my view, the Settlement represents an excellent result that will provide significant benefits to the Settlement Class Members while removing the risk and delay associated with further litigation.

9. The Settlement Amount consisting of cash in the amount of four million eight hundred thousand U.S. Dollars ($4,800,000), less Court-approved attorneys' fees and expenses, costs of settlement administration, and Case Contribution Awards for the Plaintiffs, shall be for the benefit of the Settlement Class Members.

10. I recommend the proposed Settlement is an excellent result in light of the factual and legal risks of continued litigation. In recommending the Settlement as fair, reasonable, and adequate, Class Counsel has considered, among other things, the events underlying Plaintiffs' claims and the possible defenses to those claims, as well as the information gleaned by the extensive exchange of information conducted by the Parties in this case.

11. All of this information provided us with a thorough understanding of the strengths and weaknesses of Plaintiffs' claims and the risks associated with further litigation.

12. In short, Class Counsel believes that this Settlement is fair and reasonable because it provides a substantial monetary recovery weighed against the risks of proceeding with litigation.

13. There have been no material changes in circumstances which impact Plaintiffs' assessment of the suitability of the proposed classes for certification since the Court granted preliminary approval.

## CLASS COUNSEL BELIEVES THAT THE PROPOSED SETTLEMENT SATISFIES THE APPLICABLE FACTORS CONSIDERED BY COURTS IN THE THIRD CIRCUIT WHEN REVIEWING PROPOSED CLASS ACTION SETTLEMENTS

14. Before agreeing to the proposed Settlement, Class Counsel assessed the merits using various factors typically used by counsel in this type of case including the factors used by courts in the Third Circuit to assess proposed class action settlements.

15. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate when the applicable factors are considered. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

16. The complexity, expense, and likely duration of the litigation, justify final approval of the Settlement.

17. There have been zero objections to the settlement, and only two requests to opt-out of the Settlement. Further, Plaintiffs support the proposed Settlement.

18. The stage of the proceedings and the amount of discovery completed justifies approval of the Settlement. Defendant has answered Plaintiffs' Complaint and has effectively denied all of Plaintiffs' allegations. The Parties began formal written discovery and exchanged relevant information prior to and during the course of the settlement discussions. Finally, the Parties engaged in a mediation session before Hon. Diane M. Welsh (Ret.).

19. The risks of establishing liability and damages also counsel in favor of approval of the Settlement. Defendant has vigorously contested liability throughout the course of this Action, would almost certainly have contested class certification, and would have affirmatively moved for summary judgment. Thus, certification, liability, and damages would have remained highly contested issues had the settlement not been reached by the Parties.

20. The risks of maintaining the class action through the trial justifies approval of the Settlement as well. As noted above, Defendant likely would have contested certification of the Settlement Class and damages on a class-wide basis. The risks associated with maintaining a certified class therefore support Settlement.

21. The range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation strongly favors approval of the Settlement. Here, the Settlement provides for each Settlement Class Member to receive real monetary relief.

22. The proposed Settlement treats Settlement Class Members equitably relative to each other. The Net Settlement Fund will be allocated pro rata to each Settlement Class Member based on the ratio of (a) the total amount of Spring 2020 Tuition and Fees assessed to Settlement Class Members enrolled at CMU during the Spring 2020 semester to (b) the total amount of Spring 2020 Tuition and Fees assessed to each individual Settlement Class Member enrolled at CMU

4

during the Spring 2020 semester, less financial aid provided by CMU, and less any refunds of Tuition and/or Fees already distributed related to Spring 2020 semester. To the extent the distribution formula results in an individual payment amount of less than $50, the payment amount will be adjusted upwards so that no Settlement Class Member shall receive less than $50.

23. Class Counsel is aware of no evidence of fraud or collusion behind the Settlement. Instead, this Settlement was the product of extensive negotiations between experienced counsel under the supervision of respected mediator Judge Welsh. The final parameters of the proposed Settlement were negotiated amongst counsel at arm's-length with the assistance of this mediation, and those discussions took several months.

24. Class Counsel have developed a comprehensive understanding of the merits of the case through our work on the Action. In our view, when we agreed to the proposed Settlement, we had sufficient information about the strengths and weaknesses of the claims and defenses, as well as Defendant's financial condition, to make a reasoned judgment about the desirability of settling the case according to the terms proposed.

25. In Class Counsel's view, the stage of litigation and amount of discovery weigh in favor of final approval of the Settlement.

## CONCLUSION

Plaintiffs and Class Counsel respectfully submit that the Settlement is an excellent result for the Settlement Class in this case. Class Counsel recommends that the Settlement is fair, reasonable, and adequate, and requests that this Court grant final approval to the Settlement Agreement and approve dissemination of the Settlement Amount.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on June 20, 2025 in<br>Pittsburgh, Pennsylvania | */s/ Nicholas A. Colella*<br>Nicholas A. Colella |