UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGALE PFINGSTEN, and ANOKHY DESAI, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>　　　　　　　　　Defendant. | Case No. 2:20-cv-00716-RJC |

# FINAL JUDGMENT

**WHEREAS**, the Parties to the above-captioned putative class action (the "Action") executed a Settlement Agreement dated as of February 7, 2025 (the "Settlement");

**WHEREAS**, on February 19, 2025, the Court entered an Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval and Provisionally Certifying the Settlement Class ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

> All students who were assessed tuition and/or fees to attend at least one in-person course(s) during the Spring 2020 semester at CMU but had their course(s) moved to remote learning; excluding (i) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (ii) the legal representatives, successors or assigns of any such excluded person

(iii) preliminarily appointed Named Plaintiffs Abigale Pfingsten and Anokhy Desai as Settlement Class Representatives; (iv) preliminarily appointed Gary F. Lynch and Nicholas A. Colella of

Lynch Carpenter, LLP, and Philip L. Fraietta of Bursor & Fisher, P.A. as Class Counsel; (v) approved the forms and manner of notice of the Settlement to Potential Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Potential Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, on April 4, 2025, notice of the Settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on May 5, 2025, Class Counsel filed their Motion for Attorneys' Fees, Costs, and Case Contribution Awards to Settlement Class Representatives and accompanying Memorandum of Law and supporting exhibits ("Fee Application"), and on June 20, 2025, Named Plaintiffs filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits;

**WHEREAS**, on June 30, 2025, at 10:00 am, this Court held a video hearing via Zoom to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class (the "Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

   **THE COURT HEREBY FINDS AND CONCLUDES** that:

   A. This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

   B. This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C. The Short Form Notice and Long Form Notice (the "Notices") provided to the Potential Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Action and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

D. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E. For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F. Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel, and the negotiations were facilitated by an experienced professional mediator, Hon. Diane Welsh (Ret.); (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representatives and Carnegie Mellon University to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined

in the Settlement; (v) the Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H. There are two persons who have timely and validly requested exclusion from the Settlement Class.

I. There are no persons who have timely and validly objected to the Settlement.

J. The Settlement Class Representatives and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

2. Class Counsel is awarded from the Settlement Fund attorneys' fees in the amount of one million five hundred ninety-nine thousand eight hundred forty U.S. Dollars ($1,599,840.00), which is 33.33% of the Settlement Fund; and nine thousand three hundred thirty-seven dollars and fifty-five cents ($9,337.55) as reimbursement of litigation expenses. These awards shall be distributed pursuant to the terms of the Settlement.

3. The Settlement Class Representatives are each awarded a Case Contribution Award of five thousand U.S. Dollars ($5,000.00) from the Settlement Fund for their contributions in representing the Settlement Class. These awards shall be distributed pursuant to the terms of the Settlement.

4. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement and this Final Judgment.

5. Final Judgment shall be, and hereby is, entered dismissing the Action with prejudice, and without taxation or costs in favor of or against any Party.

6. The Releasing Settlement Class Parties shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released CMU Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released CMU Parties. The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

7. The manner of distribution of the Net Settlement Fund as described in the Settlement and in the Notices to Potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

8. The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Carnegie Mellon University of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or

inference against Carnegie Mellon University or the Released CMU Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

9. Without affecting the finality of this Final Judgment in any way, the Court retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

10. There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

11. In the event that this Final Judgment does not become Final in accordance with Paragraph 1(j) of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 30, 2025

*s/Robert J. Colville*
Robert J. Colville
United States District Judge